**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BASIMA KHALIL MAHMOUD, | |
| Plaintiff, | |
| v. | Case No. 1:14-cv-08887 |
| THE VANGUARD GROUP, INC. and VANGUARD MARKETING CORPORATION, | Judge John Robert Blakey |
| Defendants. | |

## ANSWER TO THE COMPLAINT

Defendants The Vanguard Group, Inc. and Vanguard Marketing Corporation respectfully

submit this Answer to the Complaint.

### PARTIES

1.      The Plaintiff, Basima Hussain Muammar (hereinafter "Plaintiff") is the former spouse of Rushdi Hussain Muammar. Plaintiff is an "alternate payee" and beneficiary of certain surviving spouse annuity benefits payments by virtue of a Qualified Domestic Relations Order ("QDRO") and Judgment for Dissolution of Marriage entered in the Circuit Court of Cook County, Illinois.

**ANSWER:**    On information and belief, Defendants admit that Plaintiff is the former spouse of

Rushdi Hussain Muammar. Defendants deny the remaining allegations in paragraph 1 of the

Complaint.

2.      Retirement Income Plan of Saudi Arabian Oil Company, Vanguard Fiduciary Trust Company ("Vanguard"), Trustee, is an ERISA Employee Benefit Plan administrator (hereinafter "Vanguard Plan") for the employer of Rushdi Hussian Muammar.

**ANSWER:**    Defendants deny the allegations in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.      The District Court has jurisdiction over this claim by a beneficiary against an ERISA plan pursuant to 29 U.S.C. Section 1132(e).

**ANSWER:**     Defendants deny the allegations in paragraph 3 of the Complaint.

4.     Venue is proper in this District Court pursuant to 29 U.S.C. Section 1132(e)(2) because this is a district where the Vanguard Plan is found.

**ANSWER:**     Defendants deny the allegations in paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

5.     Plaintiff and Rushdi Hussain Muammar ("Rushdi") were married to each other on August 14, 1981 in Damascus, Syria.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.     On and prior to November 4, 2011, Rushdi was the named "participant" in a Retirement Income Plan of Saudi Arabian Oil Company account number ending 020127 ("Retirement Plan").  Throughout the course of the marriage and for a period of time thereafter Rushdi Hussain Muammar, was an employee of Saudi Aramco Oil Company and a participant in the Retirement Plan.

**ANSWER:**     Defendants admit that on and before November 4, 2011, Muammar was a participant in the Retirement Income Plan of Saudi Arabian Oil Company, also designated for reference Plan # 020127.  Defendants further admit that, before November 4, 2011, Muammar was employed by Saudi Arabian Oil Company, also known as Saudi Aramco.  Defendants lack knowledge or information sufficient to form a belief as to the extent to which Muammar's employment with Saudi Arabian Oil Company and his participation in the Retirement Income Plan of Saudi Arabian Oil Company coincided with his marriage to the Plaintiff.  Vanguard denies the remaining allegations in paragraph 6 of the Complaint.

7.     On and prior to November 4, 2011, Vanguard was the Trustee and administrator of the Retirement Plan.

**ANSWER:**     Defendants deny the allegations in paragraph 7 of the Complaint.

8.     On and prior to November 4, 2011, Plaintiff was the "alternate payee" for the Retirement Plan.

**ANSWER:**     Defendants deny the allegations in paragraph 8 of the Complaint.

2

9.      On November 4, 2011, the Retirement Plan contained approximately $884,647.57 in total cash value.

**ANSWER:**    Defendants deny the allegations in paragraph 9 of the Complaint.

10.      As the Trustee of the Retirement Plan Vanguard had fiduciary duties to the Plaintiff as the alternate payee of the Retirement Plan.

**ANSWER:**    Defendants deny the allegations in paragraph 10 of the Complaint.

11.      On November 4, 2011 a Judgment for Dissolution of Marriage ("JDM") was entered in the matter titled *Basima Hussain Muammar, Petitioner v. Rushdi Hussain Muammar, Respondent*, Case No. 10 D 2728, in the Circuit Court of Cook County, Illinois, Domestic Relations Division ("Divorce") which provided in pertinent part as follows:

> Respondent also has a Saudi Aramco Oil Company retirement account 020127 which according to proofs, has a balance of $884,647.57 as of June 30, 2011. Basima shall be awarded a minimum of $564,890.00 from that account or such additional sums as to provide Petitioner with 50% of the marital estate plus the arrearage of $1,200 for maintenance, when the exact amount of funds available in the accounts under F(iii) are made known to Petitioner.

A copy of the JDM is appended hereto as Exhibit 1.

**ANSWER:**    Defendants admit that a "Judgment For Dissolution" containing the language quoted in paragraph 11 was entered on November 4, 2011, in the state-court action referenced in paragraph 11 of the Complaint.  Defendants deny that the Judgment For Dissolution or any other document is appended to the Complaint as an exhibit.  Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12.      Commencing on May 5, 2010, and through the entry of the JDM, Plaintiff had sent repeated notices to Saudi Arabian Oil Company and Vanguard that the Retirement Plan was subject to a final determination in the pending Divorce.

**ANSWER:**    Defendants deny the allegations in paragraph 12 of the Complaint.  Answering further, on January 7, 2011, Plaintiff's (then) counsel sent a letter to The Vanguard Group, Inc. forwarding a certified copy of a December 28, 2010 Order from the Circuit Court of Cook County in Case No. 10 D 2728, the aforementioned divorce matter.  That December 28, 2010

Order "voided and vacated" the Court's March 22, 2010 Order for Injunctive Relief. Plaintiff's counsel's January 7, 2011 letter references no other pending or anticipated action in the divorce matter. The January 7, 2011 letter, the December 28, 2010 Order, and the March 22, 2010 Order, are attached hereto as Exhibits 1, 2, and 3, respectively. Plaintiff's counsel did not contact The Vanguard Group, Inc. regarding the divorce matter again until November 7, 2011, following the Court's November 4, 2011 entry of a "Judgment For Dissolution."

13. On November 4, 2011, a copy of the JDM was forwarded to Vanguard to place Vanguard on Notice that the Retirement Plan had been awarded to the Plaintiff in the Divorce.

**ANSWER:** Defendants deny the allegations in paragraph 13 of the Complaint.

14. On November 11, 2011, Vanguard sent notice to Plaintiff that "[i]n accordance with the Plan's QDRO Procedures, an administrative hold has been placed on the Participant's account balance as of November 11, 2011." A copy of the November 11, 2011 Notice is appended hereto as Exhibit 2.

**ANSWER:** Defendants admit that, on November 11, 2011, The Vanguard Group, Inc. mailed to Plaintiff's counsel a document containing the language quoted in paragraph 14 of the Complaint. Defendants deny that the document mailed to Plaintiff's counsel on November 11, 2011, relates to the Retirement Income Plan of Saudi Arabian Oil Company. Defendants further deny the allegations in paragraph 14 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint, deny that any document is appended to the Complaint, and deny the remaining allegations in paragraph 14 of the Complaint.

15. On November 16, 2011, a domestic relations order was entered by the Circuit Court of Cook County, Illinois, and forwarder [sic] to the Vanguard Group for review. A copy of the November 16, 2011 DRO is appended hereto as Exhibit 3.

**ANSWER:** Defendants admit that the Circuit Court of Cook County, Illinois entered a purported domestic relations order pertaining to Plaintiff on November 16, 2011, which was

mailed to The Vanguard Group, Inc. on or around November 16, 2011. Defendants deny that this purported domestic relations order related to the Retirement Income Plan of Saudi Arabian Oil Company, deny that any such document or any other document is appended to the Complaint, and deny the remaining allegations in paragraph 15 of the Complaint.

16.    On June 22, 2012, an Amended First Qualified Domestic Relations Order was entered by Circuit Court of Cook County, Illinois, and forwarded to the Vanguard Group on June 29, 2012. A copy of the June 22, 2012 Amended First Qualified Domestic Relations Order is appended hereto as Exhibit 4.

**ANSWER:**    Defendants admit that, on June 22, 2012, a purported "Amended First Qualified Domestic Relations Order" pertaining to Plaintiff was entered by the Circuit Court of Cook County, Illinois. Defendants admit that Plaintiff's counsel mailed the purported Amended First Qualified Domestic Relations Order to The Vanguard Group, Inc. on or around June 22, 2012. Defendants deny that this document or any other document is appended to the Complaint and deny the remaining allegations in paragraph 16 of the Complaint.

17.    On July 6, 2012, Vanguard sent notice to counsel for Plaintiff that the Vanguard Group has "**determined that the Order satisfies the requirements for a Qualified Domestic Relations Order**." (Emphasis added). The July 6, 2012 notice was designated "Final Determination of Domestic Relations Order." A copy of the July 6, 2012 Notice is appended hereto as Exhibit 5.

**ANSWER:**    Defendants admit that, on July 6, 2012, The Vanguard Group, Inc. mailed to Plaintiff's counsel a document entitled "Notification of Receipt and Final Determination of Domestic Relations Order ("DRO") under the Retirement Income Plan of Saudi Arabian Oil Company ("Plan") Regarding Participant Rushdi Hussain Muammar" and that this document contained, in regular typeface, the language quoted in paragraph 17 of the Complaint. Defendants deny the allegations in paragraph 17 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint, deny that the

document referenced in paragraph 17 or any other document is appended to the Complaint, and

deny the remaining allegations in paragraph 17 of the Complaint.

18.     Thereafter, without prior notice, on October 1, 2012, Vanguard sent an ***additional notice*** to the Plaintiff's counsel changing the determination as follows: "Unfortunately, upon further review of the Order, we have determined that it fails to satisfy all requirements for a Qualified Domestic Relations Order."  A copy of the October 1, 2012 notice is appended hereto as Exhibit 6.

**ANSWER:**     Defendants admit that, on October 1, 2012, The Vanguard Group, Inc. mailed to

Plaintiff's counsel a document containing the language quoted in paragraph 18 of the Complaint.

Defendants deny the allegations in paragraph 18 of the Complaint to the extent they are

predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint, deny that the

document referenced in paragraph 18 or any other document is appended to the Complaint, and

deny the remaining allegations in paragraph 18 of the Complaint.

19.     On information and belief, at some point between November 11, 2011 and October 1, 2012, the Vanguard Group allowed Rushdi Hussain Muammar to "elect payment status" which caused the transfer all of the funds from the relevant retirement Vanguard account to a pension payment plan managed by Aetna.  This change in account status is believed to be the reason that Vanguard changed its determination that the June 22, 2012 DRO was acceptable.

**ANSWER:**     Defendants deny the allegations in paragraph 19 of the Complaint.  Answering

further, Defendants state that Muammar's account properly entered "pay status" pursuant to a

Plan Benefit Election form he submitted to The Vanguard Group, Inc., on June 14, 2011, before

the November 4, 2011 Judgment for Dissolution.  The Plan Benefit Election form is attached

hereto as Exhibit 4.

20.     On or about August 13, 2014, Counsel for Plaintiff contacted Vanguard about the status of the Account and requested instructions on how to again submit a proposed domestic relations order.

**ANSWER:**     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     On or about August 14, 2014, Vanguard sent an email with a Vanguard approved form order and instructions for preparing and submitting a QDRO. A copy of the email and attachments received from Vanguard is appended hereto as Group Exhibit 7.

**ANSWER:** Defendants admit that, on August 14, 2014, The Vanguard Group, Inc. sent an email to Plaintiff's counsel attaching documents reflecting the Saudi Aramco QDRO Procedures, a Saudi Aramco Model QDRO, and instructions for completing the Model QDRO. Defendants deny the allegations in paragraph 21 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint, deny that the documents referenced in paragraph 21 or any other documents are appended to the Complaint, and deny the remaining allegations in paragraph 21 of the Complaint.

22.     On August 18, 2014 the Plaintiff's counsel sent a proposed DRO to Vanguard for qualification utilizing Vanguard's approved form as a template. A copy of the August 18, 2014 proposed DRO is appended hereto as Exhibit 8.

**ANSWER:** Defendants admit that, on or around August 14, 2014, Plaintiff's counsel mailed to The Vanguard Group, Inc., a proposed domestic relations order entitled "Second Amended Qualified Domestic Relations Order." Defendants deny the allegations in paragraph 22 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint, deny that the document referenced above or any other document is appended to the Complaint, and deny the remaining allegations in paragraph 22 of the Complaint.

23.     On or about October 15, 2014, Vanguard sent a letter once again rejecting the proposed DRO and requesting additional modifications and changes in the ongoing multi-year process. A copy of the October 15, 2014 rejection letter is appended hereto as Exhibit 9.

**ANSWER:** Defendants admit that, on October 15, 2014, The Vanguard Group, Inc. mailed to Plaintiff's counsel a "Notification of Determination of Domestic Relations Order ("DRO") under the Retirement Income Plan of Saudi Arabian Oil Company ("Plan") Regarding Participant Rushdi Hussain Muammar," which explained that the proposed domestic relations order

referenced in paragraph 22 of the Complaint was deficient and provided detailed instructions on how to correct those deficiencies. Defendants deny the allegations in paragraph 23 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint, deny that the document referenced in paragraph 23 or any other document is appended to the Complaint, and deny the remaining allegations in paragraph 23 of the Complaint.

24.     On information and belief, Vanguard improperly allowed the account to be placed in "payment status" while reviewing the original proposed DRO, and after being placed on notice that the account had been awarded to the "alternate payee" in a judgment for dissolution of marriage.

**ANSWER:**     Defendants deny the allegations in paragraph 24 of the Complaint. Answering further, see Defendants' response to paragraph 19 of the Complaint.

25.     The QDRO submitted to the Vanguard Group on June 29, 2012 is a valid Qualified Domestic Relations Order under ERISA [29 U.S.C. Section 1056(d)(3)] and is fully enforceable against the Vanguard Group even though the Vanguard Group modified its original determination.

**ANSWER:**     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     This Court is vested with the authority to exercise *de novo* review of the denial by the Vanguard Group and need not give deference to the decision of the Vanguard Group on an "arbitrary and capricious" standard as there is no issue presented regarding interpretation of any Plan provision.

**ANSWER:**     Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Plaintiff has incurred attorney's fees and court costs in prosecuting this action due to the unreasonable refusal of the Vanguard Group to accept and enforce the terms of the June 22, 2014 QDRO.

**ANSWER:**     Defendants deny the allegations in paragraph 27 of the Complaint.

    **I.**     **COUNT I – RELIEF PURSUANT TO 29 U.S.C. SECTION 1132(a) (B) [sic]**

28.     Plaintiff hereby realleges paragraphs 1 through 27 as paragraph 28 of Count I as though fully set forth herein.

8

**ANSWER:**     Defendants incorporate their answers to paragraphs 1-27 of the Complaint as their

answer to paragraph 28 of the same.

29.     Plaintiff has incurred attorney's fees and costs in the pursuit of her rights in this
matter.

**ANSWER:**     Defendants deny the allegations in paragraph 29 of the Complaint.

Wherefore, Plaintiff Basima Hussain Muammar requests a judgment in her favor and
against the Defendants as follows:

      A.     That Retirement Income Plan of Saudi Arabian Oil Company, Vanguard
Fiduciary Trust Company pay benefits in accordance with the QDRO
entered by the Circuit Court of Cook County on June 22, 2014;

      B.     That the Court exercise its discretion and award Basima Hussain
Muammar reasonable attorney's fees and court costs pursuant to 29 U.S.C.
Section 1132(g)

**ANSWER:**     Defendants deny that Plaintiff is entitled to any of the relief requested in the

above "Wherefore" clause of the Complaint or any relief whatsoever.

## COUNT II – DECLARATORY JUDGMENT

30.     Plaintiff hereby realleges paragraphs 1 through 27 as paragraph 30 of Count II as
though fully set forth herein.

**ANSWER:**     Defendants incorporate their answers to paragraphs 1-27 of the Complaint as their

answer to paragraph 30 of the same.

31.     Plaintiff contends that as the owner of the funds in the Retirement Plan through
the JDM, she has the right to the receipt of 100% of the cash value funds held in trust by
Vanguard in the Retirement Account.

**ANSWER:**     Defendants admit that Plaintiff purports to "contend[]" that she is the "owner of

the funds" in the Retirement Income Plan of Saudi Arabian Oil Company and "has the right to

the receipt of 100% of the cash value funds held in trust."  Defendants otherwise deny the

allegations in paragraph 31 of the Complaint.

32.     A real and justifiable controversy exists among the parties whether (a) Plaintiff has the right to receive the cash value of the funds in the Retirement Plan as of November 4, 2011; (b) whether Vanguard has the right to continue to withhold the funds in the Retirement Plan; (c) the proper procedures for transferring ownership of the funds to the Plaintiff.

**ANSWER:**     Defendants deny the allegations in paragraph 32 of the Complaint.

Wherefore, Plaintiff Basima Hussain Muammar requests a declaratory judgment that she is immediately entitled to the full cash value of the Retirement Account as of November 4, 2011 payable in one lump sum, plus interest from that date, a judgment in her favor and against the Defendants awarding her all benefits she is entitled to receive under the Retirement Plan, and seeks a Court order requiring the Defendant to immediately tender all benefits that the Plaintiff is entitled to receive, or alternatively, seeks an order clarifying the Plaintiff's rights under the Retirement Plan, and for an award of attorney's fees and costs.

**ANSWER:**     Defendants deny that Plaintiff is entitled to any of the relief requested in the

above "Wherefore" clause of the Complaint or any relief whatsoever.

## COUNT III – BREACH OF FIDUCIARY DUTY

33.     Plaintiff hereby realleges paragraphs 1 through 27 as paragraph 33 of Count III as though fully set forth herein.

**ANSWER:**     Defendants incorporate their answers to paragraphs 1-27 of the Complaint as their

answer to paragraph 33 of the same.

34.     Vanguard breached its fiduciary duty to the Plaintiff while allowing the status of the Retirement Account to be changed after receiving notice that the Retirement Account was the subject of the pending Divorce.

**ANSWER:**     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Further, Vanguard breached its fiduciary duty to the Plaintiff by failing to provide her with notice that the Retirement Account status had been changed, along with failing to abide by the terms of the July 22, 2012 DRO that was qualified by Vanguard, and entered in the Divorce.

**ANSWER:**     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Vanguard's conduct is willful and vexatious, and Vanguard had specific knowledge that the funds in the Retirement Account were the property of the Plaintiff, and has caused great difficulty for the Plaintiff.

**ANSWER:**     Defendants deny the allegations in paragraph 36 of the Complaint.

10

37.     In short, the Plaintiff was to receive the cash in the Retirement Account in one lump sum as her equitable portion of the marital estate adjudicated in the Divorce and awarded in the JDM, but Plaintiff has been forced to survive since November 4, 2011 without the benefit or use of these funds.

**ANSWER:**     Vanguard denies the allegations in paragraph 37 of the Complaint.

36.     The Plaintiff has been damaged in the $884, 647.57 in total cash value of the Retirement Account, plus interest, and for the loss of the use of these funds since the entry of the JDM.

**ANSWER:**     Defendants deny the allegations in the foregoing paragraph of the Complaint,

which appears to be erroneously numbered as paragraph "36" as opposed to paragraph "38."

37.     The Plaintiff has incurred attorney's fees and costs in the pursuit of this matter.

**ANSWER:**     Defendants deny the allegations in the foregoing paragraph of the Complaint,

which appears to be erroneously numbered as paragraph "37" as opposed to paragraph "39."

Wherefore, Plaintiff Basima Hussain Muammar a judgment in her favor and against the Defendants for $884, 647.57, plus interest, punitive damages, and an order, and for an award of attorney's fees and costs.

**ANSWER:**     Defendants deny that Plaintiff is entitled to any of the relief requested in the

above "Wherefore" clause of the Complaint or any relief whatsoever.

### DEFENDANTS' ADDITIONAL DEFENSES

1.     Plaintiff's claims fail to the extent she has failed to exhaust applicable

administrative remedies prescribed in the Retirement Income Plan of Saudi Arabian Oil

Company.

2.     Neither The Vanguard Group, Inc. nor Vanguard Marketing Corporation is a

proper defendant to Plaintiff's claims for benefits under ERISA pursuant to 29 U.S.C. §

1132(a)(1)(B).

3.     The accrued benefit for Plan participant Rushdi Hussain Muammar properly

entered "pay status" in June 2011, pursuant to the Plan Benefit Election Form he submitted on

June 14, 2011.  *See* Exhibit 4.  At that time, the accrued benefit was not subject to a domestic relations order within the meaning of ERISA, as shown by the December 28, 2010 Order voiding and vacating a prior injunctive-relief order related to Plaintiff's and Muammar's divorce proceedings.  *See* Exhibits 1-3.  Indeed, those proceedings did not result in an order of dissolution until November 4, 2011.

4.      Neither The Vanguard Group, Inc. nor Vanguard Marketing Corporation is a proper defendant to Plaintiff's breach of fiduciary duty claim as neither entity was acting as a fiduciary, as defined in ERISA, with respect to any of Plaintiff's allegations.

5.      Plaintiff lacks standing to pursue her claims because she is not a "participant" or "beneficiary" within the meaning of ERISA.

6.      Plaintiff fails to state a claim for which relief can be granted with respect to both of the Defendants.

7.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and/or unclean hands.

8.      Plaintiff's claims are barred to the extent that they were not filed within any applicable statute of limitations.

9.      Plaintiff has failed to mitigate any alleged damages because she repeatedly failed to supply a timely or compliant domestic relations order for purposes of review and qualification pursuant to ERISA and the terms of the Retirement Income Plan of Saudi Arabian Oil Company.

10.     Defendants reserve the right to assert additional defenses that become known through the course of litigation.

WHEREFORE, Defendants The Vanguard Group, Inc. and Vanguard Marketing Corporation respectfully pray for:

12

a.      Entry of judgment denying Plaintiff's all relief prayed for in the Complaint;

b.      Entry of judgment that Defendants recover their costs and attorneys' fees incurred in defending this action, pursuant to 29 U.S.C. § 1132(g); and

c.      Such other relief as the Court may deem just and proper.


Dated: August 31, 2015                              Respectfully submitted,


By:   */s/ Christopher J. Boran*

Christopher J. Boran
Kevin F. Gaffney
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, IL  60601-5094
Telephone: (312) 324-1000
Facsimile:  (312) 324-1001
cboran@morganlewis.com
kgaffney@morganlewis.com

*Attorneys for Defendants*

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing document was filed on August 31, 2015 with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record for the plaintiff:

Ariel Weissberg
John Burke Wolf
WEISSBERG & ASSOCIATES
401 South LaSalle Street
Suite 403
Chicago, IL 60605
(312) 663-0004
ariel@weissberglaw.com
john@weissberglaw.com

Howard Lawrence Ward, Sr.
RAFATI & WARD, PC
744 North Wells Street
Suite 200
Chicago, IL 60610
312-228-6200
howardlward@sbcglobal.net
*Attorneys for Plaintiff*

/s/ Christopher J. Boran