UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BASIMA KHALIL MAHMOUD ) | Case No. 1:14-cv-08887 |
| ) | |
| Plaintiff, ) | |
| ) | Hon. Judge John Robert Blakey |
| v. ) | |
| ) | |
| THE VANGUARD GROUP, INC and ) | |
| VANGUARD MARKETING ) | |
| CORPORATION ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

NOW COMES Plaintiff, Basima Khalil Mahmoud ("Plaintiff"), through her attorneys, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd., and as Plaintiff's *Amended Complaint* against Defendants, The Vanguard Group, Inc. and Vanguard Marketing Corporation (collectively "Defendants"), alleges as follows:

### PARTIES

1. The Plaintiff, Basima Khalil Mahmoud (hereinafter "Plaintiff") is the former spouse of Rushdi Hussain Muammar. Plaintiff is an "alternate payee" and beneficiary of certain surviving spouse annuity benefits payments by virtue of a Qualified Domestic Relations Order ("QDRO") and Judgment for Dissolution of Marriage entered in the Circuit Court of Cook County, Illinois.

2. Retirement Income Plan of Saudi Arabian Oil Company, Vanguard Fiduciary Trust Company ("Vanguard"), Trustee, is an ERISA Employee Benefit Plan administrator (hereinafter "Vanguard Plan") for the employer of Rushdi Hussain Muammar.

1

## JURISDICTION AND VENUE

3. The District Court has jurisdiction over this claim by a beneficiary against an ERISA plan pursuant to 29 U.S.C. Section 1132(e).

4. Venue is proper in this District Court pursuant to 29 U.S.C. Section 1132(e)(2) because this is a district where the Vanguard Plan is found.

## GENERAL ALLEGATIONS

5. Plaintiff and Rushdi Hussain Muammar were married to each other on August 14, 1981 in Damascus, Syria.

6. On and prior to November 4, 2011, Rushdi Hussain Muammar was the named "participant" in a Retirement Income Plan of Saudi Arabian Oil Company account number ending 020127 ("Retirement Plan"). Throughout the course of the marriage and for a period of time thereafter Rushdi Hussain Muammar, was an employee of Saudi Aramco Oil Company and a participant in the Retirement Plan.

7. On and prior to November 4, 2011, Vanguard was the Trustee and administrator of the Retirement Plan.

8. On and prior to November 4, 2011, Plaintiff was the "alternate payee" for the Retirement Plan.

9. On November 4, 2011, the Retirement Plan contained approximately $884,647.57 in total cash value.

10. As the Trustee of the Retirement Plan Vanguard had fiduciary duties to the Plaintiff as the alternate payee of the Retirement Plan.

11. On November 4, 2011 a Judgment for Dissolution of Marriage ("JDM") was entered in the matter titled *Basima Khalil Mahmoud, Petitioner v. Rushdi Hussain Muammar, Respondent*, Case No. 10-D-002728, in the Circuit Court of Cook County, Illinois, Domestic Relations Division ("Divorce") which provided in pertinent part as follows:

> Respondent also has a Saudi Aramco Oil Company retirement account 020127 which according to proofs, has a balance of $884,647.57 as of June 30, 2011. Basima shall be awarded a minimum of $564,890.00 from that account or such additional sums as to provide Petitioner with 50% of the marital estate plus the arrearage of $1,200 for maintenance, when the exact amount of funds available in the accounts under F(iii) are made known to Petitioner.

A copy of the JDM is appended hereto as Exhibit 1.

12. Commencing on May 5, 2010, and through the entry of the JDM, Plaintiff had sent repeated notices to Saudi Arabian Oil Company and Vanguard that the Retirement Plan was subject to a final determination in the pending Divorce.

13. On November 4, 2011, a copy of the JDM was forwarded to Vanguard to place Vanguard on Notice that the Retirement Plan had been awarded to the Plaintiff in the Divorce.

14. On November 11, 2011, Vanguard sent notice to Plaintiff that "[i]n accordance with the Plan's QDRO Procedures, an administrative hold has been placed on the Participant's account balance as of November 11, 2011." A copy of the November 11, 2011 Notice is appended hereto as Exhibit 2.

15. On November 16, 2011, a domestic relations order was entered by the Circuit Court of Cook County, Illinois, and forwarder to the Vanguard Group for review. A copy of the November 16, 2011 DRO is appended hereto as Exhibit 3.

16. On June 22, 2012, an Amended First Qualified Domestic Relations Order was entered by Circuit Court of Cook County, Illinois, and forwarded to the Vanguard Group on June 29, 2012. A copy of the June 22, 2012 Amended First Qualified Domestic Relations Order is

appended hereto as Exhibit 4.

17. On July 6, 2012, Vanguard sent notice to counsel for Plaintiff that the Vanguard Group has "**determined that the Order satisfies the requirements for a Qualified Domestic Relations Order**." (Emphasis added). The July 6, 2012 notice was designated "Final Determination of Domestic Relations Order." A copy of the July 6, 2012 Notice is appended hereto as Exhibit 5.

18. Thereafter, without prior notice, on October 1, 2012, Vanguard sent an *additional notice* to the Plaintiff's counsel changing the determination as follows: "Unfortunately, upon further review of the Order, we have determined that it fails to satisfy all requirements for a Qualified Domestic Relations Order." A copy of the October 1, 2012 notice is appended hereto as Exhibit 6.

19. On information and belief, at some point between November 11, 2011 and October 1, 2012, the Vanguard Group allowed Rushdi Hussain Muammar to "elect payment status" which caused the transfer all of the funds from the relevant retirement Vanguard account to a pension payment plan managed by Aetna. This change in account status is believed to be the reason that Vanguard changed its determination that the June 22, 2012 DRO was acceptable.

20. On or about August 13, 2014, Counsel for Plaintiff contacted Vanguard about the status of the Account and requested instructions on how to again submit a proposed domestic relations order.

21. On or about August 14, 2014, Vanguard sent an email with a Vanguard approved form order and instructions for preparing and submitting a QDRO. A copy of the email and attachments received from Vanguard is appended hereto as Group Exhibit 7.

22. On August 18, 2014 the Plaintiff's counsel sent a proposed DRO to Vanguard for

qualification utilizing Vanguard's approved form as a template. A copy of the August 18, 2014 proposed DRO is appended hereto as Exhibit 8.

23. On or about October 15, 2014, Vanguard sent a letter once again rejecting the proposed DRO and requesting additional modifications and changes in the ongoing multi-year process. A copy of the October 15, 2014 rejection letter is appended hereto as Exhibit 9.

24. On information and belief, Vanguard improperly allowed the account to be placed inn "payment status" while reviewing the original proposed DRO, and after being placed on notice that the account had been awarded to the "alternate payee" in a judgment for dissolution of marriage.

25. The QDRO submitted to the Vanguard Group on June 29, 2012 is a valid Qualified Domestic Relations Order under ERISA [29 U.S.C. Section 1056(d)(3)] and is fully enforceable against the Vanguard Group even though the Vanguard Group modified its original determination.

26. This Court is vested with the authority to exercise *de novo* review of the denial by the Vanguard Group and need not give deference to the decision of the Vanguard Group on an "arbitrary and capricious" standard as there is no issue presented regarding interpretation of any Plan provision.

27. Plaintiff has incurred attorney's fees and court costs in prosecuting this action due to the unreasonable refusal of the Vanguard Group to accept and enforce the terms of the June 22, 2014 QDRO.

   I. **COUNT I – RELIEF PURSUANT TO 29 U.S.C. SECTION 1132(a) (B)**

28. Plaintiff hereby realleges paragraphs 1 through 27 as paragraph 28 of Count I as though fully set forth herein.

29. Plaintiff has incurred attorney's fees and costs in the pursuit of her rights in this matter.

WHEREFORE, Plaintiff Basima Khalil Mahmoud requests a judgment in her favor and against the Defendants as follows:

    A. That Retirement Income Plan of Saudi Arabian Oil Company, Vanguard Fiduciary Trust Company pay benefits in accordance with the QDRO entered by the Circuit Court of Cook County on June 22, 2014;

    B. That the Court exercise its discretion and award Basima Khalil Mahmoud reasonable attorney's fees and court costs pursuant to 29 U.S.C. Section 1132(g)

## COUNT II – DECLARATORY JUDGMENT

30. Plaintiff hereby realleges paragraphs 1 through 27 as paragraph 30 of Count II as though fully set forth herein.

31. Plaintiff contends that as the owner of the funds in the Retirement Plan through the JDM, she has the right to the receipt of 100% of the cash value funds held in trust by Vanguard in the Retirement Account.

32. A real and justifiable controversy exists among the parties whether (a) Plaintiff has the right to receive the cash value of the funds in the Retirement Plan as of November 4, 2011; (b) whether Vanguard has the right to continue to withhold the funds in the Retirement Plan; (c) the proper procedures for transferring ownership of the funds to the Plaintiff.

WHEREFORE, Plaintiff, Basima Khalil Mahmoud, requests a declaratory judgment that she is immediately entitled to the full cash value of the Retirement Account as of November 4, 2011 payable in one lump sum, plus interest from that date, a judgment in her favor and against

the Defendants awarding her all benefits she is entitled to receive under the Retirement Plan, and seeks a Court order requiring the Defendant to immediately tender all benefits that the Plaintiff is entitled to receive, or alternatively, seeks an order clarifying the Plaintiff's rights under the Retirement Plan, and for an award of attorney's fees and costs.

## COUNT III – BREACH OF FIDUCIARY DUTY

33. Plaintiff hereby realleges paragraphs 1 through 27 as paragraph 33 of Count III as though fully set forth herein.

34. Vanguard breached its fiduciary duty to the Plaintiff while allowing the status of the Retirement Account to be changed after receiving notice that the Retirement Account was the subject of the pending Divorce.

35. Further, Vanguard breached its fiduciary duty to the Plaintiff by failing to provide her with notice that the Retirement Account status had been changed, along with failing to abide by the terms of the July 22, 2012 DRO that was qualified by Vanguard, and entered in the Divorce.

36. Vanguard's conduct is willful and vexatious, and Vanguard had specific knowledge that the funds in the Retirement Account were the property of the Plaintiff, and has caused great difficulty for the Plaintiff.

37. In short, the Plaintiff was to receive the cash in the Retirement Account in one lump sum as her equitable portion of the marital estate adjudicated in the Divorce and awarded in the JDM, but Plaintiff has been forced to survive since November 4, 2011 without the benefit or use of these funds.

36. The Plaintiff has been damaged in the $884,647.57 in total cash value of the Retirement Account, plus interest, and for the loss of the use of these funds since the entry of the

7

JDM.

37.     The Plaintiff has incurred attorney's fees and costs in the pursuit of this matter.

WHEREFORE, Plaintiff, Basima Khalil Mahmoud, a judgment in her favor and against the Defendants for $884,647.57, plus interest, punitive damages, and an order, and for an award of attorney's fees and costs.


Date:  August 31, 2015                              **BASIMA KHALIL MAHMOUD**,
                                                    Plaintiff


                                                    By**:**      /s/ Ariel Weissberg         __
                                                           One of her attorneys



Ariel Weissberg, Esq. (Attorney No. 03125591)
Rakesh Khanna, Esq. (Attorney No. 06243244)
Edward Khatskin, Esq. (Attorney No. 06319840)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514

# CERTIFICATE OF SERVICE

I, Ariel Weissberg, certify that on August 31, 2015, I caused to be served **AMENDED COMPLAINT** upon to the following persons through the District Court's ECF/CM electronic filing system.

>Christopher J. Boran, Esq.
>Kevin F. Gaffney, Esq.
>Morgan, Lewis & Bockius LLP
>77 West Wacker Drive, 5th Floor
>Chicago, IL 60601

>    /s/ Ariel Weissberg
>    Ariel Weissberg