UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BASIMA KHALIL MAHMOUD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE VANGUARD GROUP, INC. and<br>VANGUARD MARKETING<br>CORPORATION,<br><br>　　　　Defendants. | Case No. 1:14-cv-08887<br><br>Judge John Robert Blakey |

## ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants The Vanguard Group, Inc. and Vanguard Marketing Corporation respectfully submit this Answer to the Second Amended Complaint (hereinafter "Complaint").

### PARTIES

1. The Plaintiff, Basima Khalil Mahmoud (hereinafter "Plaintiff") is the former spouse of Rushdi Hussain Muammar. Plaintiff is an "alternate payee" and beneficiary of certain surviving spouse annuity benefits payments by virtue of a Qualified Domestic Relations Order ("QDRO") and Judgment for Dissolution of Marriage entered in the Circuit Court of Cook County, Illinois.

**ANSWER**: On information and belief, Defendants admit that Plaintiff is the former spouse of Rushdi Hussain Muammar. Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2. Retirement Income Plan of Saudi Arabian Oil Company, Vanguard Fiduciary Trust Company ("Vanguard"), Trustee, is an ERISA Employee Benefit Plan administrator (hereinafter "Vanguard Plan") for the employer of Rushdi Hussain Muammar.

**ANSWER**: Defendants deny the allegations in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. The District Court has jurisdiction over this claim by a beneficiary against an ERISA plan pursuant to 29 U.S.C. Section 1132(e).

**ANSWER**: Defendants deny the allegations in paragraph 3 of the Complaint.

4. Venue is proper in this District Court pursuant to 29 U.S.C. Section 1132(e)(2) because this is a district where the Vanguard Plan is found.

**ANSWER**: Defendants deny the allegations in paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

5. Plaintiff and Rushdi Hussain Muammar were married to each other on August 14, 1981 in Damascus, Syria.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. On and prior to November 4, 2011, Rushdi Hussain Muammar was the named "participant" in a Retirement Income Plan of Saudi Arabian Oil Company account number ending 020127 ("Retirement Plan"). Throughout the course of the marriage and for a period of time thereafter, Rushdi Hussain Muammar was an employee of Saudi Aramco Oil Company and a participant in the Retirement Plan.

**ANSWER**: Defendants admit that on and before November 4, 2011, Muammar was a participant in the Retirement Income Plan of Saudi Arabian Oil Company, also designated for reference Plan # 020127. Defendants further admit that, before November 4, 2011, Muammar was employed by Saudi Arabian Oil Company, also known as Saudi Aramco. Defendants lack knowledge or information sufficient to form a belief as to the extent to which Muammar's employment with Saudi Arabian Oil Company and his participation in the Retirement Income Plan of Saudi Arabian Oil Company coincided with his marriage to the Plaintiff. Vanguard denies the remaining allegations in paragraph 6 of the Complaint.

7. On and prior to November 4, 2011, Vanguard was the Trustee and administrator of the Retirement Plan.

**ANSWER**: Defendants deny the allegations in paragraph 7 of the Complaint.

8. On and prior to November 4, 2011, Plaintiff was the "alternate payee" for the Retirement Plan.

**ANSWER**: Defendants deny the allegations in paragraph 8 of the Complaint.

9. On November 4, 2011, the Retirement Plan contained approximately $884,647.57 in total cash value.

**ANSWER**: Defendants deny the allegations in paragraph 9 of the Complaint.

10. As the Trustee of the Retirement Plan, Vanguard had fiduciary duties to the Plaintiff as the alternate payee of the Retirement Plan.

**ANSWER**: Defendants deny the allegations in paragraph 10 of the Complaint.

11. On November 4, 2011, a Judgment for Dissolution of Marriage ("JDM") was entered in the matter entitled, *Basima Khalil Mahmoud, Petitioner v. Rushdi Hussain Muammar, Respondent,* Case No. 10-D-002728, in the Circuit Court of Cook County, Illinois, Domestic Relations Division ("Divorce") which provided in pertinent part as follows:

> Respondent also has a Saudi Aramco Oil Company retirement account 020127 which according to proofs, has a balance of $884,647.57 as of June 30, 2011. Basima shall be awarded a minimum of $564,890.00 from that account or such additional sums as to provide Petitioner with 50% of the marital estate plus the arrearage of $1,200 for maintenance, when the exact amount of funds available in the accounts under F(iii) are made known to Petitioner.

A copy of the JDM is appended hereto as Exhibit 1.

**ANSWER**: Defendants admit that a "Judgment For Dissolution," containing the language quoted in paragraph 11 of the Complaint, was entered on November 4, 2011, in the state-court action referenced in paragraph 11 of the Complaint. Defendants admit that a copy of the Judgment For Dissolution is attached to the Complaint as Exhibit 1. Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12. Commencing on May 5, 2010, and through the entry of the JDM, Plaintiff had sent repeated notices to Saudi Arabian Oil Company and Vanguard that the Retirement Plan was subject to a final determination in the pending Divorce.

**ANSWER**: Defendants deny the allegations in paragraph 12 of the Complaint. Answering further, on January 7, 2011, Plaintiff's counsel sent a letter to The Vanguard Group, Inc. forwarding a certified copy of a December 28, 2010 Order from the Circuit Court of Cook County in Case No. 10 D 2728, the aforementioned divorce matter. That December 28, 2010 Order "voided and vacated" the Court's March 22, 2010 Order for Injunctive Relief. Plaintiff's

counsel's January 7, 2011 letter references no other pending or anticipated action in the divorce matter. This letter, the December 28, 2010 Order, and the March 22, 2010 Order, are attached hereto as Exhibits 1, 2, and 3, respectively. Plaintiff's counsel did not contact Defendants regarding the divorce matter again until November 2011, following the Court's November 4, 2011 entry of a "Judgment For Dissolution."

13. On November 4, 2011, a copy of the JDM was forwarded to Vanguard to place Vanguard on Notice that the Retirement Plan had been awarded to the Plaintiff in the Divorce.

**ANSWER**: Defendants deny the allegations in paragraph 13 of the Complaint.

14. On November 11, 2011, Vanguard sent notice to Plaintiff that "[i]n accordance with the Plan's QDRO Procedures, an administrative hold has been placed on the Participant's account balance as of November 11, 2011." A copy of the November 11, 2011 Notice is appended hereto as Exhibit 2.

**ANSWER**: Defendants admit the allegations in paragraph 14 of the Complaint, but deny that the November 11, 2011 notice attached as Exhibit 2 pertains to the Retirement Income Plan of Saudi Arabian Oil Company.

15. On November 16, 2011, a domestic relations order was entered by the Circuit Court of Cook County, Illinois, and forwarded to the Vanguard Group for review. A copy of the November 16, 2011 QDRO is appended hereto as Exhibit 3.

**ANSWER**: Defendants admit that the Circuit Court of Cook County, Illinois entered a purported domestic relations order pertaining to Plaintiff on November 16, 2011, which was mailed to The Vanguard Group, Inc. on or around November 16, 2011. Defendants admit further that a copy of the purported domestic relations order is attached to the Complaint as Exhibit 3. Defendants deny that this purported domestic relations order related to the Retirement Income Plan of Saudi Arabian Oil Company and deny the remaining allegations in paragraph 15 of the Complaint.

16. On June 22, 2012, an Amended First Qualified Domestic Relations Order was entered by Circuit Court of Cook County, Illinois, and forwarded to the Vanguard Group on

4

June 29, 2012. A copy of the June 22, 2012 Amended First Qualified Domestic Relations Order is appended hereto as Exhibit 4.

**ANSWER**: Defendants admit that, on June 22, 2012, a purported "Amended First Qualified Domestic Relations Order" pertaining to Plaintiff was entered by the Circuit Court of Cook County, Illinois. Defendants admit that Plaintiff's counsel mailed the purported Amended First Qualified Domestic Relations Order to The Vanguard Group, Inc. on or around June 22, 2012, and that a copy of the same is attached as Exhibit 4 to the Complaint. Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17. On July 6, 2012, Vanguard sent notice to counsel for Plaintiff that the Vanguard Group has "**determined that the Order satisfies the requirements for a Qualified Domestic Relations Order**." (Emphasis added). The July 6, 2012 notice was designated "Final Determination of Domestic Relations Order." A copy of the July 6, 2012 Notice is appended hereto as Exhibit 5.

**ANSWER**: Defendants admit that, on July 6, 2012, The Vanguard Group, Inc. mailed to Plaintiff's counsel a document entitled "Notification of Receipt and Final Determination of Domestic Relations Order ("DRO") under the Retirement Income Plan of Saudi Arabian Oil Company ("Plan") Regarding Participant Rushdi Hussain Muammar" and that this document contained, in regular typeface, the language quoted in paragraph 17 of the Complaint. Defendants admit further that a copy of this document is attached as Exhibit 5 to the Complaint. Defendants deny the allegations in paragraph 17 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint, and deny the remaining allegations in paragraph 17 of the Complaint.

18. Thereafter, without prior notice, on October 1, 2012, Vanguard sent an ***additional notice*** to the Plaintiff's counsel changing the determination as follows: "Unfortunately, upon further review of the Order, we have determined that it fails to satisfy all requirements for a Qualified Domestic Relations Order." A copy of the October 1, 2012 Notice is appended hereto as Exhibit 6.

**ANSWER**: Defendants admit that, on October 1, 2012, The Vanguard Group, Inc. mailed to Plaintiff's counsel a document containing the language quoted in paragraph 18 of the Complaint and that a copy of that document is attached as Exhibit 6 to the Complaint. Defendants deny the allegations in paragraph 18 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint, and deny the remaining allegations in paragraph 18 of the Complaint.

19. On information and belief, at some point between November 11, 2011 and October 1, 2012, the Vanguard Group allowed Rushdi Hussain Muammar to "elect payment status" which caused the transfer of all the funds from the relevant retirement Vanguard account to a pension payment plan managed by Aetna. This change in account status is believed to be the reason that Vanguard changed its determination that the June 22, 2012 QDRO was acceptable.

**ANSWER**: Defendants deny the allegations in paragraph 19 of the Complaint. Answering further, Defendants state that Muammar's account properly entered "pay status" pursuant to the Plan Benefit Election form submitted to The Vanguard Group, Inc., on June 14, 2011. A copy of the Plan Benefit Election form is attached hereto as Exhibit 4.

20. On or about August 13, 2014, Counsel for Plaintiff contacted Vanguard about the status of the Account and requested instructions on how to again submit a proposed domestic relations order.

**ANSWER**: Defendants deny the allegations in paragraph 20 of the Complaint.

21. On or about August 14, 2014, Vanguard sent an email with a Vanguard approved form order and instructions for preparing and submitting a QDRO. A copy of the email and attachments received from Vanguard is appended hereto as Group Exhibit 7.

**ANSWER**: Defendants admit that, on August 14, 2014, The Vanguard Group, Inc. sent an email to Plaintiff's counsel attaching documents reflecting Saudi Aramco QDRO Procedures, a Saudi Aramco Model QDRO, and instructions for completing the Model QDRO. Defendants admit that a copy of the August 14, 2014 email is attached as Exhibit 7 to the Complaint, but deny that the "attachments" to the August 14, 2014 email are included in Exhibit 7. Defendants

6

further deny the allegations in paragraph 21 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint, and deny the remaining allegations in paragraph 21 of the Complaint.

22. On August 18, 2014, the Plaintiff's counsel sent a proposed QDRO to Vanguard for qualification utilizing Vanguard's approved form as a template. A copy of the August 18, 2014 proposed QDRO is appended hereto as Exhibit 8.

**ANSWER**: Defendants admit that, on or around August 14, 2014, Plaintiff's counsel mailed to The Vanguard Group, Inc., a proposed domestic relations order entitled "Second Amended Qualified Domestic Relations Order," a copy of which is attached as Exhibit 8 to the Complaint. Defendants deny the allegations in paragraph 22 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint and deny the remaining allegations in paragraph 22 of the Complaint.

23. On or about October 15, 2014, Vanguard sent a letter once again rejecting the proposed QDRO and requesting additional modifications and changes in the ongoing multi-year process. A copy of the October 15, 2014 rejection letter is appended hereto as Exhibit 9.

**ANSWER**: Defendants admit that, on October 15, 2014, The Vanguard Group, Inc. mailed to Plaintiff's counsel a "Notification of Determination of Domestic Relations Order ("DRO") under the Retirement Income Plan of Saudi Arabian Oil Company ("Plan") Regarding Participant Rushdi Hussain Muammar," which explained that the proposed domestic relations order referenced in paragraph 22 of the Complaint was deficient and provided detailed instructions on how to correct those deficiencies. Defendants admit that a copy of the October 15, 2014 letter is attached to the Complaint as Exhibit 9. Defendants deny the allegations in paragraph 23 of the Complaint to the extent they are predicated upon the term "Vanguard" as defined in paragraph 2 of the Complaint and deny the remaining allegations in paragraph 23 of the Complaint.

24. On information and belief, Vanguard improperly allowed the account to be placed in "payment status" while reviewing the original proposed QDRO, and after being placed on

notice that the account had been awarded to the "alternate payee" in a judgment for dissolution of marriage.

**ANSWER**:   Defendants deny the allegations in paragraph 24 of the Complaint.

25.   The QDRO submitted to the Vanguard Group on June 29, 2012 is a valid Qualified Domestic Relations Order under ERISA [29 U.S.C. Section 1056(d)(3)] and is fully enforceable against the Vanguard Group, even though the Vanguard Group modified its original determination.

**ANSWER**:   Defendants deny the allegations in paragraph 25 of the Complaint.

26.   This Court is vested with the authority to exercise *de novo* review of the denial by the Vanguard Group and need not give deference to the decision of the Vanguard Group on an "arbitrary and capricious" standard as there is no issue presented regarding interpretation of any Plan provision.

**ANSWER**:   Defendants deny the allegations in paragraph 26 of the Complaint.

27.   Plaintiff has incurred attorneys' fees and court costs in prosecuting this action due to the unreasonable refusal of the Vanguard Group to accept and enforce the terms of the June 22, 2014 QDRO.

**ANSWER**:   Defendants deny the allegations in paragraph 27 of the Complaint.

### COUNT I – RELIEF PURSUANT TO 29 U.S.C. SECTION 1132(a)(B) [sic]

28.   Plaintiff hereby realleges paragraphs 1 through 27 as paragraph 28 of Count I as though fully set forth herein.

**ANSWER**:   Defendants incorporate their answers to paragraphs 1-27 of the Complaint as their answer to paragraph 28 of the same.

29.   Plaintiff has incurred attorneys' fees and costs in the pursuit of her rights in this matter.

**ANSWER**:   Defendants deny the allegations in paragraph 29 of the Complaint.

Wherefore, Plaintiff, Basima Khalil Mahmoud, requests a judgment in her favor and against the Defendants as follows:

>    A.   That the Retirement Income Plan of Saudi Arabian Oil Company, Vanguard Fiduciary Trust Company pay benefits in accordance with the QDRO entered by the Circuit Court of Cook County on June 22, 2014;

      B.    That the Court exercise its discretion and award Plaint, Basima Khalil Mahmoud, reasonable attorneys' fees and court costs pursuant to 29 U.S.C. Section 1132(g); and

      C.    For such other and further relief as this Court deems just and proper.

**ANSWER**: Defendants deny that Plaintiff is entitled to any of the relief requested in the above "Wherefore" clause of the Complaint or any relief whatsoever.

## COUNT II – DECLARATORY JUDGMENT

30. Plaintiff hereby realleges paragraphs 1 through 27 as paragraph 30 of Count II as though fully set forth herein.

**ANSWER**: Defendants incorporate their answers to paragraphs 1-27 of the Complaint as their answer to paragraph 30 of the same.

31. Plaintiff contends that as the owner of the funds in the Retirement Plan through the JDM, she has the right to the receipt of 100% of the cash value funds held in trust by Vanguard in the Retirement Account.

**ANSWER**: Defendants admit that Plaintiff purports to "contend[]" that she is the "owner of the funds" in the Retirement Income Plan of Saudi Arabian Oil Company and "has the right to the receipt of 100% of the cash value funds held in trust." Defendants otherwise deny the allegations in paragraph 31 of the Complaint.

32. A real and justifiable controversy exists among the parties whether: (a) Plaintiff has the right to receive the cash value of the funds in the Retirement Plan as of November 4, 2011; (b) whether Vanguard has the right to continue to withhold the funds in the Retirement Plan; and (c) the proper procedures for transferring ownership of the funds to the Plaintiff.

**ANSWER**: Defendants deny the allegations in paragraph 32 of the Complaint.

WHEREFORE, Plaintiff, Basima Khalil Mahmoud, requests a declaratory judgment, as follows: (a) that she is immediately entitled to the full cash value of the Retirement Account as of November 4, 2011 payable in one lump sum, plus interest from that date; (b) entering a judgment in Plaintiff's favor and against the Defendants; (c) awarding Plaintiff all benefits she is entitled to receive under the Retirement Plan; (d) requiring the Defendants to immediately tender all benefits that Plaintiff is entitled to receive, or alternatively, clarifying Plaintiff's rights under the Retirement Plan; (e) an award of Plaintiff's attorneys' fees and costs; and (f) for such further and other relief as this Court deems just and proper.

**ANSWER**: Defendants deny that Plaintiff is entitled to any of the relief requested in the above "Wherefore" clause of the Complaint or any relief whatsoever.

### COUNT III – BREACH OF FIDUCIARY DUTY

33. Plaintiff hereby realleges paragraphs 1 through 27 as paragraph 33 of Count III as though fully set forth herein.

**ANSWER**: Defendants incorporate their answers to paragraphs 1-27 of the Complaint as their answer to paragraph 33 of the same.

34. Vanguard breached its fiduciary duty to the Plaintiff while allowing the status of the Retirement Account to be changed after receiving notice that the Retirement Account was the subject of the pending Divorce.

**ANSWER**: Defendants deny the allegations in paragraph 34 of the Complaint.

35. Further, Vanguard breached its fiduciary duty to the Plaintiff by failing to provide her with notice that the Retirement Account status had been changed, along with failing to abide by the terms of the July 22, 2012 QDRO that was qualified by Vanguard, and entered in the Divorce.

**ANSWER**: Defendants deny the allegations in paragraph 35 of the Complaint.

36. Vanguard's conduct is willful and vexatious, and Vanguard had specific knowledge that the funds in the Retirement Account were the property of the Plaintiff, and has caused great difficulty for the Plaintiff.

**ANSWER**: Defendants deny the allegations in paragraph 36 of the Complaint.

37. In short, the Plaintiff was to receive the cash in the Retirement Account in one lump sum as her equitable portion of the marital estate adjudicated in the Divorce and which was awarded in the JDM, but Plaintiff has been forced to survive since November 4, 2011 without the benefit or use of these funds.

**ANSWER**: Vanguard denies the allegations in paragraph 37 of the Complaint.

36. The Plaintiff has been damaged in the amount of $884,647.57, the total cash value of the Retirement Account, plus interest, and for the loss of the use of these funds since the entry of the JDM.

**ANSWER**: Defendants deny the allegations in the foregoing paragraph of the Complaint, which appears to be erroneously numbered as paragraph "36" as opposed to paragraph "38."

37. Plaintiff has incurred attorneys' fees and costs in the pursuit of this matter.

**ANSWER**: Defendants deny the allegations in the foregoing paragraph of the Complaint, which appears to be erroneously numbered as paragraph "37" as opposed to paragraph "39."

Wherefore, Plaintiff, Basima Khalil Mahmoud, prays that this Court enter an order granting judgment in her favor and against the Defendants in the amount of $884, 647.57, plus interest, punitive damages, and attorney's fees and costs; and for such further and other relief as the Court deems just and proper.

**ANSWER:** Defendants deny that Plaintiff is entitled to any of the relief requested in the above "Wherefore" clause of the Complaint or any relief whatsoever.

## DEFENDANTS' ADDITIONAL DEFENSES

1. Plaintiff's claims fail to the extent she has failed to exhaust applicable administrative remedies prescribed in the Retirement Income Plan of Saudi Arabian Oil Company.

2. Neither The Vanguard Group, Inc. nor Vanguard Marketing Corporation is a proper defendant to Plaintiff's claims for benefits under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B).

3. The accrued benefit for Plan participant Rushdi Hussain Muammar properly entered "pay status" in the form of a 100% joint and survivor annuity in June 2011, pursuant to the Plan Benefit Election Form he submitted on June 14, 2011. *See* Exhibit 4. At that time, Mr. Muammar's accrued benefit was not subject to a domestic relations order within the meaning of ERISA or any other notice triggering a hold pursuant to the applicable Plan QDRO procedures. Thus, to the extent Plaintiff seeks a lump-sum form of benefit pursuant to her Complaint or previously submitted proposed qualified domestic relations orders, she is seeking a form of

benefit not available under the plan and that may not be awarded under 29 U.S.C. 1132(a)(1)(B) or any other provision of ERISA, and her claims therefore fail as a matter of law.

4. Neither The Vanguard Group, Inc. nor Vanguard Marketing Corporation is a proper defendant to Plaintiff's breach of fiduciary duty claim as neither entity was acting as a fiduciary, as defined in ERISA, with respect to any of Plaintiff's allegations.

5. Plaintiff lacks standing to pursue her claims because she is not a "participant" or "beneficiary" within the meaning of ERISA.

6. Plaintiff fails to state a claim for which relief can be granted with respect to both of the Defendants.

7. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and/or unclean hands.

8. Plaintiff's claims are barred to the extent that they were not filed within any applicable statute of limitations.

9. Plaintiff has failed to mitigate any alleged damages because she repeatedly failed to supply a timely or compliant domestic relations order for purposes of review and qualification pursuant to ERISA and the terms of the Retirement Income Plan of Saudi Arabian Oil Company.

10. Defendants reserve the right to assert additional defenses that become known through the course of litigation.

WHEREFORE, Defendants The Vanguard Group, Inc. and Vanguard Marketing Corporation respectfully pray for:

a. Entry of judgment denying Plaintiff's all relief prayed for in the Complaint;

b. Entry of judgment that Defendants recover their costs and attorneys' fees incurred in defending this action; and

    c.    Such other relief as the Court may deem just and proper.

Dated: September 18, 2015　　　　　　　　　　Respectfully submitted,

                                                 By:  */s/ Christopher J. Boran*

                                               Christopher J. Boran
                                             Kevin F. Gaffney
                                             MORGAN, LEWIS & BOCKIUS LLP
                                             77 West Wacker Drive, 5th Floor
                                             Chicago, IL  60601-5094
                                             Telephone: (312) 324-1000
                                             Facsimile:  (312) 324-1001
                                             cboran@morganlewis.com
                                             kgaffney@morganlewis.com

                                             *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies the foregoing document was filed on September 18, 2015 with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record for the plaintiff:

Ariel Weissberg
John Burke Wolf
WEISSBERG & ASSOCIATES
401 South LaSalle Street
Suite 403
Chicago, IL 60605
(312) 663-0004
ariel@weissberglaw.com
john@weissberglaw.com

Howard Lawrence Ward, Sr.
RAFATI & WARD, PC
744 North Wells Street
Suite 200
Chicago, IL 60610
312-228-6200
howardlward@sbcglobal.net
*Attorneys for Plaintiff*

> */s/ Christopher J. Boran*